IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL BRIGGS,

    Plaintiff,

vs.                                        Cause No. 1:20-cv-00651-KWR-JMR

UNIVERSITY OF NEW MEXICO
BOARD OF REGENTS, *et al.*,

    Defendants.

## ORDER STRIKING PLAINTIFF'S RESPONSE
## TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
## WITH DIRECTIONS TO RE-FILE IN COMPLIANCE WITH LOCAL RULES

THIS MATTER comes before the Court *sua sponte* on Plaintiff's response **(Doc. 140)** to Defendants' Motion for Summary Judgment **(Doc. 129)**.

This Court's local rules set forth specific procedures for responding to a motion for summary judgment:

> The Response must contain a concise statement of the material facts cited by the movant as to which the non-movant contends a genuine issue does exist. Each fact in dispute must be numbered, must refer with particularity to those portions of the record upon which the non-movant relies, and must state the number of the movant's fact that is disputed. All material facts set forth in the Memorandum will be deemed undisputed unless specifically controverted. **The Response may set forth additional facts other than those which respond to the Memorandum which the non-movant contends are material to the resolution of the motion. Each additional fact must be lettered and must refer with particularity to those portions of the record upon which the non-movant relies.**

D.N.M.LR-Civ.56(1)(b) (emphasis added). A district court's local rules may state specific briefing requirements, which must be followed. *See Coleman v. Blue Cross Blue Shield of Kansas, Inc.,* 287 F. App'x 631, 634–35 (10th Cir. 2008) (affirming entry of summary judgment

where plaintiff's response did not include numbered paragraphs corresponding to motion's statement of facts); *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1284 (10th Cir. 2010) (addressing a similar local rule requiring that responses to summary judgment include clear identification of disputed facts and additional facts); *Eason v. Nolan*, 416 Fed. Appx. 569 (7th Cir. 2011) (district court did not abuse discretion where it struck additional facts in plaintiff's response that were not submitted as a separate statement of additional facts as required by local rule); *See A.M. Capen's Co., Inc. v. American Trading and Production Corp.*, 202 F.3d 469 (1st Cir. 2000) (district court properly admitted uncontested facts submitted by plaintiff when defendant failed to comply with local rules and oppose plaintiff's summary judgment motion in appropriate form); *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (departing from the "usual deference towards the non-moving party" and accepting moving party's unopposed material facts as true where non-movant failed to properly respond to movant's statement of facts as required by the district court's local rules).

"D.N.M.LR-Civ. 56.1(b) is designed to isolate the relevant facts and to present them in an orderly fashion to the Court, and when parties do not follow the procedures listed in this local rule, the Court may have difficulty properly determining what the relevant facts are." *Coffey v. United States*, 870 F. Supp. 2d 1202, 1209 (D.N.M. 2012) (citation omitted). "Furthermore, it is not the Court's responsibility to scour the parties' evidence and filings to determine what facts are in dispute and what facts will defeat a motion for summary judgment." *Id*. D.N.M. LR-Civ 56.1(b) is more than "a simple labeling requirement"; [i]t is "an important tool to identify and address the facts at issue on summary judgment[. A] district court should not have to guess which of the movant's material facts are actually disputed by the non-movant" and which statements are additional facts. *See Nahno-Lopez v. Houser*, 625 F.3d 1279, 1284 (10th Cir.

2010) (addressing a similar local rule requiring that responses to summary judgment include clear identification of disputed facts and additional facts); *see generally Wells v. Hi Country Auto Group*, 2014 WL 12623030, at *5 (D.N.M. 2014) (Johnson, J.).

In this case, it appears Plaintiff wishes the Court to consider many additional facts in his response, which are located in a twenty-six page "Background and Procedural History" section. Doc. 140 at 3-29. However, Plaintiff did not label any additional material facts for the Court to consider in ruling on the motion for summary judgment. This makes it is difficult for Defendants to respond to and/or dispute Plaintiff's material facts. There is no way for the Court to know whether Plaintiff intends the Court to consider any additional facts, and whether Defendants dispute them.

The Court hereby **STRIKES** Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment (Doc. 140). Plaintiff shall re-file a response which complies with this Court's local rules regarding summary judgment briefing.

Plaintiff's corrected response shall be filed **within fourteen days (14)** of the entry of this Order.

**IT IS SO ORDERED**.

　　　　　　　　　　　　　　　　　　　　　　_____/S/ KEA W. RIGGS_____
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE